# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JACQUE LEIGH PRESSWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-00439-CV-W-RK-SSA |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's (ALJ) findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2001) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should

"defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the following is a brief account of the ALJ's findings based on the Social Security Administration's five-step evaluation process for determining if a Plaintiff is disabled. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity as defined by the SSA. At step two, the ALJ determined that Plaintiff has the following severe impairments: scoliosis; chronic bronchitis; Lyme disease; panic disorder; generalized anxiety disorder; insomnia; major depressive disorder; and adjustment disorder. At step three, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, are of a severity to meet or medically equal the criteria of a listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. The ALJ next determined that, despite limitations from Plaintiff's impairments, Plaintiff retained the residual functional capacity ("RFC") to perform a range of sedentary work with the following limitations: no climbing of ladders, ropes, or scaffolds; Plaintiff must avoid unprotected heights or hazardous machinery; Plaintiff can perform simple, routine, and repetitive work; and Plaintiff cannot have any interaction with the public and only occasional interaction with coworkers. The ALJ determined that Plaintiff is unable to perform any past relevant work. Finally, at step five, the ALJ found that when considering Plaintiff's RFC, age, education, and work experience, Plaintiff's impairments would not preclude her from performing work that exists in significant numbers in the national economy, including work as a document preparer, final assembler, and circuit board assembler. Based on this finding, the ALJ concluded that Plaintiff is not disabled.

On appeal, Plaintiff presents the following arguments: (1) whether the ALJ's RFC determination was proper concerning a third party statement of record; (2) whether the ALJ's RFC determination concerning Plaintiff's mental impairments was proper; (3) whether the ALJ properly weighed Dr. Crist's opinion; (4) whether the ALJ erred by omitting a function-by-function limitation from the RFC determination concerning Plaintiff's sitting, standing, and walking limitations; and (5) whether the Commissioner sustained her burden at step five.

First, Plaintiff argues the ALJ's RFC determination was not based on substantial evidence because the ALJ's decision did not discuss a third party's statement. Specifically, Plaintiff alleges the ALJ erred by failing to include the Commissioner's employee intake notes concerning Plaintiff

2

in the ALJ's decision. The employee's notes stated Plaintiff sounded tired and had difficulty concentrating during Plaintiff's meeting with the Social Security Administration's employee. However, the ALJ is not required to repeat all evidence from the written record in his decision. *Wilkerson v. Colvin*, 2014 WL 3361821, at *4 (W.D. Mo. July 9, 2014). *See also Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (it is well established that "failure to cite specific evidence does not indicate that such evidence was not considered"). So, although the third party statement was not explicitly mentioned in the ALJ's decision, substantial evidence supports the ALJ's RFC finding as to third party statements.

Next, Plaintiff argues the ALJ erred in formulating the RFC determination concerning Plaintiff's mental impairments. Plaintiff argues the ALJ erred by providing a limitation for Plaintiff's interaction with the public and coworkers without providing a limitation for interaction with supervisors. A claimant can have varying amounts of contact with the public, coworkers, and supervisors. *Green v. Astrue*, 390 F. App'x 620, 622 (8th Cir. 2010). *See also Hiklemeyer v. Barnhart*, 380 F.3d 441, 446-47 (8th Cir. 2004); *Boling v. Astrue*, 2012 WL 1898783, at *6 (W.D. Mo. May 23, 2012). Further, the ALJ specifically addressed the functional areas where he found limitations. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003) (when an ALJ specifically addresses the functional areas where he found limitations and is silent as to those areas in which no limitation is found, the ALJ is believed to have implicitly found no limitation in the latter). Finally, the ALJ cites to a medical opinion and Plaintiff's own testimony which both state that Plaintiff is able to interact with supervisors in support of the ALJ's decision concerning Plaintiff's mental limitations.[1] Accordingly, substantial weight supports the ALJ's RFC determination as to Plaintiff's mental impairments.

Third, Plaintiff argues the ALJ improperly weighed the opinion of treating physician Dr. Charles Crist because the ALJ did not state the nature of the inconsistencies the ALJ referenced to discount Dr. Crist's opinion. The ALJ discounted Dr. Crist's opinion and awarded it little weight because the opinion was inconsistent with the medical record, inconsistent with Plaintiff's activities of daily living, and the opinion was largely based on Plaintiff's subjective complaints.[2]

---

[1] Dr. Samuel Preylo, Jr., Psy.D. opined that Plaintiff could interact in most social situations involving supervisors. Further, Plaintiff's responses on her Functional Report indicated that she had no problem getting along with others and that she got along "fine" with authority figures.

[2] *See Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012) (citation omitted) ("[b]ecause [doctor's] determination contradicted other objective evidence in the record, the ALJ's decision to give less

However, the ALJ need not explicitly state the nature of the inconsistencies when discounting a medical opinion if the inconsistencies are stated throughout the ALJ's decision. *See Wiese v. Astrue*, 552 F.3d 728, 733-34 (W.D. Mo. 2009) ("Even though the ALJ did not [ ] discuss specifically which of [Plaintiff's] allegations [s]he found incredible, it is apparent from the opinion's entirety that the inconsistencies between the medical evidence, [Plaintiff's] own claims, and [Plaintiff's] daily activities form the basis of the ALJ's finding."). Accordingly, substantial evidence supports ALJ's weighing of Dr. Crist's opinion.

Next, Plaintiff argues the ALJ's RFC determination was not made on a function-by-function basis because the ALJ failed to include Plaintiff's sitting, standing, or walking limitations in the RFC.[3] However, the omissions of such limitations does not mean the ALJ did not consider the limitations. *See Brown v. Astrue*, 2010 WL 889835, at *25 (W.D. Mo. Mar. 8, 2010) ("an ALJ who specifically addresses the areas in which he found a limitation and is silent as to those areas in which no limitation is found is believed to have implicitly found no limitation in the latter") (quoting *Depover v. Barhnart*, 349 F.3d 563, 567-68 (8th Cir. 2003)). Here, the record does not indicate such severe limitations such that the ALJ would have included them if they were considered at all. Instead, the ALJ included other specific non-exertional and postural limitations as part of the RFC determination that the ALJ determined credible. Therefore, substantial evidence supports the ALJ's consideration of Plaintiff's function-by-function limitations in the RFC determination.

Finally, Plaintiff argues the ALJ failed to sustain her burden at step five. The ALJ's RFC determination limited Plaintiff to performing repetitive work, but the VE opined that Plaintiff could perform the job of document preparer, which was not limited to repetitive work. The ALJ concedes the job of document preparer does not comply with the RFC limitations; however, the VE provided two additional jobs that exist in significant numbers that Plaintiff can perform. *See*

---

weight to [doctor's] determination was reasonable"); *Teague v. Astrue*, 638 F.3d 611, 616 (8th Cir. 2011) (concluding the ALJ properly discounted a doctor's report, in part, because it "cited only limitations based on [the claimant's] subjective complaints, not his own objective findings").

[3] Plaintiff references *Brown v. Astrue* in support of her position. 2010 WL 889835, at *25 (W.D. Mo. Mar. 8, 2010). The *Brown* Court evaluated whether the ALJ's silence concerning function-by-function limitations resulted because no such limitations existed or because the ALJ failed to consider such limitations. *Id.* The *Brown* Court determined the plaintiff's medical records were severe such that the ALJ's silence regarding physical limitations was the result of failure to consider functional limitations and was not the ALJ's determination that no functional limitations existed. *Id.*

*Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014) ("[T]he ALJ did not err in relying on the vocational expert's testimony . . . [a]n ALJ may rely on a vocational expert's testimony as long as some of the identified jobs satisfy the claimant's residential functional capacity."). Accordingly, substantial evidence supports the ALJ's burden of production at step five of the sequential evaluation process.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the ALJ is **AFFIRMED**.


                                                         s/ Roseann A. Ketchmark  
                                                         ROSEANN A. KETCHMARK, JUDGE  
                                                         UNITED STATES DISTRICT COURT

DATED:  September 24, 2018